[Civ. No. 4845. Second Appellate District, Division One.—May 25, 1927.]

## COACHELLA VALLEY STATE BANK (a Corporation), Respondent, v. F. P. WILSON, Appellant.

[1] Conversion—Ownership of Property—Evidence—Findings—Appeal.—In an action for conversion, a finding by the trial judge as to the ownership of the property, based upon substantial evidence, is conclusive on appeal.

[2] Id.—Sufficiency of Evidence—Findings.—In an action against a sheriff for the conversion of an automobile truck, the evidence justified the finding that plaintiff, to whom a conditional sales contract of the truck and an interest in the truck was assigned on payment of the amount due the owner of the contract, acquired title to the truck at the time of assignment, subject to the rights of the purchaser to become owner of the truck on payment of the balance due under the sales contract.

[3] Appeal—Evidence—Findings.—The appellate court will not disturb findings of fact which are made on evidence sufficient to support them.

(1) 4 C. J., p. 878, n. 82. (2) 35 Cyc., p. 709 n. 41 New. (3) 4 C. J., p. 878, n. 81.

APPEAL from a judgment of the Superior Court of Riverside County. George R. Freeman, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Thomas T. Porteous for Respondent.

HOUSER, J.—This is an appeal from a judgment in favor of the plaintiff in an action of conversion brought against defendant as sheriff.

It appears that one Bellue bought an automobile truck on a conditional sales contract; that he failed to meet several of the installments when they became due, and as a consequence that he was about to lose the truck; that thereupon he induced the plaintiff bank to help him out of his difficulty,

3. See 2 Cal. Jur. 918; 2 R. C. L. 206.

which was done by having the assignee of the seller of the truck assign its interest in the truck and the conditional sales contract to the plaintiff. In addition thereto, Bellue gave to plaintiff his promissory note for the balance due on the truck, plus the amount of money paid by the plaintiff for an insurance policy thereon—for all of which Bellue deposited with and pledged to the plaintiff as collateral security for the payment of the note an automobile sales contract covering not only the truck in question, but as well another truck described in the pledge. Thereafter, by virtue of a writ of attachment issued in an action brought by a third party against Bellue, the defendant herein as sheriff took possession of the truck which is the subject of this controversy. Judgment having been rendered in said action against Bellue, the truck was sold in execution of the judgment.

As is stated by appellant, ''the real question for determination in this matter is whether the title to the truck in question passed to Bellue or to plaintiff on or about the 29th day of August, 1921 (the date of the assignment to the plaintiff of the sales contract), and that whichever way that question is decided the entire case will follow.''

The action was tried by the court without a jury, and among the findings of fact is the following:

''That on the 13th day of August, 1920, the said Gary South Coast Agency, Inc., sold, assigned and transferred said contract and motor truck to the Merchants Finance Company and said Merchants Finance Company, on the 29th day of August, 1921, sold, assigned and transferred said contract and motor truck to the plaintiff and plaintiff on the 29th day of August, 1921, became the owner of said motor truck, subject to the said contract of sale to said C. E. Bellue, and so continued to be and was, on the 7th day of June, 1922, and at the time the defendant took possession of same as hereinafter set out, the owner of said Gary truck described in paragraph II of plaintiff's complaint herein.''

In support of such finding the record on appeal discloses that one of the witnesses, who was the cashier of the plaintiff bank, testified that in a conversation between Bellue and him, ''Mr. Bellue stated that he was behind in the payment

on his truck and that the Merchants Finance Company were threatening to take the truck away from him and compel him to forfeit what he had already paid on it, and he asked me if the bank would take over that contract and extend the time of payments so he could meet them. I told him that I would have to take the matter up with the board." Later the witness told Bellue that "we could take care of the matter for him." The plaintiff then procured an assignment to itself of all "right, title and interest in and to the within contract, and in and to all moneys due and to become due and payable thereunder, and also all right, title and interest in and to the property therein described." The consideration for the assignment was paid directly by the plaintiff to the owner of the contract, and Bellue thereupon executed the note, etc., in favor of the plaintiff. The witness further testified:

"The whole matter was thoroughly gone into at the time of signing the note. I explained to him (Bellue) that the bank was taking an assignment of the contracts and taking a note in its usual course of business, and extending the time on the payment of the contract. . . . I told him how much was due on each contract, and that he would have to have the truck insured. He had requested that the policy that was on the contract be canceled and we place a new one on it, and I figured out what it would take to cover the insurance, and explained the whole matter to him in detail. . . . I explained to him that we were taking this contract or assignment from the previous holders, and that the note was taken by the bank in its usual course of business to extend the payment on the contracts. I also stated to him at that time that I was doing it in that way so as not to change the existing contract rights in any way whatsoever." It also appeared that at the time Bellue signed the note no money was paid to him; neither was any credit extended to him by the plaintiff; nor was any entry made in Bellue's account with the plaintiff showing the deposit therein "of that sum of money." At that time a policy of insurance was "taken out" on the truck.

Bellue testified: "I was needing money on account of sickness, and I went in (to the bank), and the only way I could get the money was to have the bank buy the contract over for security. . . . The bank agreed to buy the contract

and pay for it. . . . The purpose was, the note was given to the bank so they should have something to show . . .

"I told them (the assignee of the contract) to send my contract to the Coachella Valley State Bank, and the bank agreed to pay for it and take the contract, and indorse the contract to the bank, which I suppose he did."

[1] Appellant attacks the conclusion on the facts reached by the trial court, and argues that from the evidence the decision on the question of the ownership of the truck should have been that Bellue was the owner thereof. While from the entire record in the case, which includes the several documents relating to the transaction under consideration, it is possible that a finding of fact might have been made by the judge of the trial court in accord with the views urged by appellant, it is well-settled law that his decision in the matter, based upon substantial evidence, is conclusive in the premises. [2] It sufficiently appears by the testimony of the cashier of plaintiff's bank, as well as by that of Bellue, that the trial court was justified in reaching the conclusion stated in the finding to which objection is made, to wit, that the plaintiff purchased the interest of the assignee of the seller of the truck, both in the sales contract and the truck itself, and was the owner thereof, subject only to the rights of Bellue to become the owner of the truck on the payment to plaintiff of the balance due on the sales contract, plus the premium on the insurance policy paid by the plaintiff for the insurance of the truck. [3] It is not the function of this court to disturb findings of fact which are made on evidence sufficient to support them.

The sole point raised by appellant as to "whether the title to the truck in question passed to Bellue or to plaintiff," having been decided on substantial evidence that the plaintiff was the owner of the truck, it follows that the judgment should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1927.